WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Philadelphia Indemnity Insurance Company, a Pennsylvania insurance company,<br><br>　　　　Plaintiff,<br>v.<br><br>Karen Ann Davis,<br><br>　　　　Defendant, | CV 04-178 TUC DCB<br>(Lead Case) |
| Karen Ann Davis and Charles Davis, husband and wife,<br><br>　　　　Plaintiff,<br>v.<br><br>Philadelphia Indemnity Insurance Company, a Pennsylvania insurance company,<br><br>　　　　Defendant. | CV 04-18 TUC DCB<br>(Consolidated Case)<br><br>**ORDER** |

## MOTION TO REOPEN DISCOVERY

Philadelphia Indemnity Insurance Company's (Philadelphia),[1] Motion to Reopen Discovery, filed on February 24, 2006, is now fully briefed.[2] Philadelphia complains that the

---

[1] Defendant in CV 04-178 TUC DCB (lead), Plaintiff in CV 04-18 TUC DCB (consolidated). Normally reassignment of a case and consolidation is done under the low case number, however, CV 04-18 TUC DCB was originally assigned to a Senior district court judge, so the reassignment and consolidation was done to the contrary here under CV 04-178 TUC DCB.

[2] The Court denies Davises' Motion to File a Sur-Reply (document 180).

Davises[3] made late disclosures of documents in their 16th through 18th Supplemental Disclosures, except for disclosures which were responsive to Philadelphia's requests for production: Mr. Davis' notes or diary and his charts and records relating to Ms. Davis' eye care. Specifically, Philadelphia objects to the 16th supplemental late disclosure of 12 new trial witnesses and nine documents as trial exhibits; the 17th supplemental late disclosure of medical records related to a fall by Ms. Davis on October 5, 2005, at her home resulting in the fracture of both her ankles, requiring surgery and physical therapy; and the 18th supplemental late disclosure of five other categories of new medical records, an updated medical records log, and updated medical bills related to the October 5, 2005, fall. With these exceptions, Philadelphia seeks exclusion of the evidence presented in Davises' supplemental disclosures, or alternatively ask the Court to reopen discovery.

This case began January 14, 2004, when Philadelphia filed CV 04-18 TUC DCB. The Davises sued in state court on March 19, 2004, and their action was removed here on April 15, 2004.[4] As this Court recalls, "almost all of the pleadings filed in this case from late 2004 through June 2005 dealt with discovery issues, scheduling the Davises' depositions and Ms. Davis' IMEs, and pre-trial deadlines such as expert disclosures. (*See* Docket Nos. 27, 38, 55-57, 64, 69, 73, 84, 86, 122-23, 131-33.)" (Philadelphia's Reply at 2 n.1.) After repeated discovery delays, on June 15, 2005, the Court ordered discovery closed, with the exception of a limited extension for the sole purpose of completing the IMEs and the Davises' depositions. (Order, filed June 15, 2005, at 10-11.) Correspondingly, the Court was forced to also extend the time for Philadelphia's rebuttal expert report and to allow Philadelphia to supplement interrogatories. *Id.* at 11. Further extensions were required before discovery was finally completed at the end of July, 2005.

---

[3]Plaintiffs in CV 04-178 TUC DCB (lead), Defendants in CV 04-18 TUC DCB (consolidated).

[4]*See* n. 1.

2

The contentiousness of the parties took its toll on the smooth workings of discovery that normally occurs to fully develop the evidence in a case.

In keeping with Federal Rules of Civil Procedure, Rule 26(a)(2)(B), normally, this Court directs a plaintiff to disclose any expert witness and their reports to the defendant on or before a certain date approximately 3 months prior to close of discovery. The defendant has thirty days from the date of plaintiff's expert witness disclosure to disclose any experts and their reports. Plaintiff has 15 days, thereafter, to disclose any *rebuttal* expert opinions. Here, the Davises disclosed their expert report and Philadelphia disclosed its expert report, but Davises did not have an opportunity to prepare an expert rebuttal opinion because the time for discovery had expired by then.

Davises ask[5] to reopen discovery for the limited purpose of its supplemental disclosures 15 through 18, which are as follows:

**A.     PHILADELPHIA'S EXPERT REPORT BY ROBIN FORD**

Davises assert the Philadelphia's expert witness, Dr. Robin Ford, raised new issues in his expert report, which require rebuttal disclosures. Dr. Ford opined that Ms. Davis' impaired cognitive function is caused by the heavy pain medication she takes and from mental health issues that existed prior to the accident, which cause her to over medicate instead of treating her pain with physical therapy. Dr. Ford argues that Ms. Davis' personality disorder causes her to be bitter, angry, and vindictive regarding the car accident and to relish the attention and power she has over her husband and others as a result of her being injured and disabled. Dr. Ford argues that if Ms. Davis addressed her mental health issues she would see improvement in her condition because she could decrease the pain medication she takes, thereby, improving her cognitive functioning.

---

[5]Davises' Response (document 178) to Philadelphia's objections to Davises' late supplemental disclosures included a crossmotion to reopen discovery.

Davises suggest that Dr. Robin Ford does not render an honest opinion. First, he is not a neuropsychologist, he is a psychologist. He did not administer a neuropsychological battery of tests, but only administered one or two tests from the field of neuropsychology. His testing pattern was that of a psychologist. Therefore, he can not render an opinion regarding traumatic brain injury (TBI).

Davises make the following rebuttal disclosures as follows:

<u>Fifteenth Supplemental Disclosure.</u>

Davises describe this evidence as "window dressing" to illustrate Ms. Davis' life before the accident: wedding pictures, family pictures, and professional and academic records.

<u>Sixteenth Supplemental Disclosure.</u>

Davises disclose Dr. Ford's disciplinary record and deposition testimony for other cases that show he has rendered opinions in other cases similar to the opinion he gives here. Davises have not presented any depositions for the Court's review. The documents identified in Davises' 16th Supplemental Disclosure reflect: Dr. Ford was disciplined by the Arizona Board of Psychology and placed on probation for a minimum of 18 months with certain terms and conditions, including his taking a course in ethics; he was voted out of the National Register of Health Service Providers because he misrepresented his status by failing to report his probation; he was censured by the Arizona Board of Psychology for lying to his employer, the Maricopa County Sheriff's Office, on multiple occasions.

Twelve individuals that can attest to Plaintiff's prior pre-existing psychological behavior and character.

Documentary evidence that shows Plaintiff's pre-existing psychological condition.

4

**B.     SUBSEQUENT MEDICAL TREATMENT**

Seventeenth and Eighteenth Supplemental Disclosures.

Davises intend to argue that Ms. Davis' medical treatment and bills incurred subsequent to the close of discovery are related to the motor vehicle accident, but have not disclosed such an opinion from her doctors. Davises offer to provide such an opinion if the Court so desires and argue that Philadelphia can readily obtain a supplemental opinion from its expert or the orthopedic physician that conducted the Plaintiff's IME.

## DISCOVERY EXTENSION

Davises ask for 60 days to allow Mr. Althaus to recuperate from his impending surgery to confer with Ms. Davis' treating physicians regarding an opinion that her recent medical treatment and bills were related to the accident. Davises have no objection to Philadelphia deposing the individuals named as potential witnesses in its 16th Supplemental Disclosure. Philadelphia either already possessed or was aware of the remainder of the "late" disclosures made by Davises to rebut Dr. Robin Ford's expert opinion.

Philadelphia objects to all the late disclosures because there is no evidence to support any connection between the subsequently disclosed medical treatment and the accident, and there must be a cut-off to this litigation at some point. Alternatively, if the Court is inclined to allow the late disclosures, Philadelphia asks that they be allowed only after Davises make an expert disclosure that complies with 26(a)(2) concerning the causal connection between the accident and Ms. Davis' recent fall and fractured ankles. Philadelphia should be allowed to conduct follow-up discovery on this "new" claim including an IME, deposing Dr. Davis' treating providers or expert witnesses, and disclosing any additional expert opinion. (Philadelphia's Motion at 5.)

The Court grants the parties' requests to reopen discovery and to allow limited discovery related to subsequent medical treatment and to rebut Philadelphia's expert witness, Dr. Robin Ford's report.

The rebuttal discovery is necessary now because of the way the parties' conducted discovery in this case that impeded its free flow, which normally provides for such rebuttal discovery to be conducted prior to the close of discovery. Ms. Davis is entitled to recover damages for her subsequent medical treatment, if she can establish a causal relationship between her fall and the accident. In the event Ms. Davis provides such a medical opinion, these disclosures shall be allowed, and Philadelphia shall have an opportunity to depose the doctor and/or obtain and disclose a rebuttal witness. The Court does not anticipate any need to re-examine Ms. Davis.

The Court is not persuaded that a 60 day extension is necessary based on Mr. Althaus' medical condition. Fortunately, the Davises have co-counsel in this case. The Davises' attorney, Mr. Tully, is quite capable of providing the necessary representation to get this case ready for trial, including conducting the limited discovery being allowed here. Nevertheless, the sixty days requested by the Davises to extend discovery allows ample time to conduct the limited discovery that must be done prior to the parties filing the Pretrial Order.

**Accordingly,**

**IT IS ORDERED** that the parties motions to reopen and extend discovery (documents 175 and 178) are GRANTED. Discovery is extended for 60 days for the limited purposes explained above and described below.

**IT IS FURTHER ORDERED** that Davises shall make any newly disclosed individuals available for Philadelphia to depose within 30 days of the filing date of this Order. Any individual not so available shall be disallowed as a witness in this case.

**IT IS FURTHER ORDERED** that the Davises have 20 days from the filing date of this Order to obtain and disclose a medical opinion to link her accident to the medical treatment she has received subsequent to the close of discovery. In the event Philadelphia chooses to depose the doctor providing such an opinion, Davises shall arrange for the

1 deposition to be conducted within 10 days of disclosure. Philadelphia shall have 30 days
2 from the Davises' disclosure or from the deposition to obtain and disclose rebuttal evidence.

4 **IT IS FURTHER ORDERED** that NO FURTHER EXTENSIONS SHALL BE
5 GRANTED.

6 **IT IS FURTHER ORDERED** that Davis' Motion for a Sur-Reply (document 180)
7 is DENIED.

8 **IT IS FURTHER ORDERED** that the Pretrial Order is due on June 20, 2006. NO
9 FURTHER EXTENSIONS SHALL BE GRANTED. Given Mr. Althaus' medical condition,
10 the Court directs that co-counsel, Mr. Tully, shall be prepared to go forward with this case.

11 **IT IS FURTHER ORDERED** that the Pretrial Order shall be jointly filed within
12 20 days of Philadelphia's rebuttal disclosures. NO FURTHER EXTENSIONS SHALL BE
13 GRANTED FOR THE FILING OF THE PROPOSED PRETRIAL ORDER.

14 DATED this 5th day of April, 2006.

David C. Bury
United States District Judge