WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Philadelphia Indemnity Insurance Company, a Pennsylvania insurance company,<br><br>  Plaintiff,<br>v.<br><br>Karen Ann Davis,<br><br>  Defendant, | CV 04-178 TUC DCB<br>(Lead Case) |
| Karen Ann Davis and Charles Davis, husband and wife,<br><br>  Plaintiff,<br>v.<br><br>Philadelphia Indemnity Insurance Company, a Pennsylvania insurance company,<br><br>  Defendant. | CV 04-18 TUC DCB<br>(Consolidated Case)<br><br>**ORDER** |

The current discovery dispute is the same dispute resolved by this Court April 5, 2006, when it reopened discovery to allow the Davises' late disclosure of lay witnesses to rebut the opinion of Philadelphia's expert witness, Dr. Ford. In an attempt to ensure the parties' cooperation with one another in making the disclosures and securing depositions, the Court granted Davises' request, but ordered that any such newly disclosed witness *be made available* within 30 days of the Court's ruling for Philadelphia to depose or that individual would be disallowed as a witness in the case. The Court ordered that no further extensions would be granted for filing the Pretrial Order. (Document 181: Order at 6-7.)

1    On May 17, 2005, Philadelphia filed a Motion for a Protective Order to stop the
2 deposition of Shirley Hilts Adams, noticed for deposition by Davises on May 18, 2006.
3 Although Philadelphia withdrew the motion for a protective order after the deposition was
4 taken, the Court noted that since discovery had closed on May 5, 2006, preventing Ms.
5 Adams from being as a witness at trial.  (Document 204: Order at 2.)

6    On June 29, 2006, Davises filed a Motion for Leave to Call Witnesses at Trial to call
7 all the previously named lay witnesses, except one who is deceased and Ms. Adams who now
8 resides out of state.  Davises seek to offer her deposition testimony.  Philadelphia objects
9 because the Davises failed to make the lay witnesses available for depositions within the 30
10 days allowed by the Court.

11    The parties are undeterred by this Court's repeated chastisements for being
12 uncooperative with each other in performing the discovery in this case.  So without any
13 surplusage, the Court shall grant the Davises leave to call certain witnesses at trial.  The
14 record speaks for itself:

15    On April 5, 2006, the Court reopened discovery to allow Davises to add
16 approximately 10 lay witnesses and gave the Davises until May 5, 2006 (30 days) to make
17 these witnesses available to Philadelphia for deposition.  (Document 181: Order.)

18    On April 6, 2006, Philadelphia[1] contacted Davises[2] asking for dates for two
19 consecutive days of depositions.  (Philadelphia's (P's) Ex. A: Fax letter of April 6, 2006.)

20    On April 10, 2006, Davises responded with May 1, 2, and 3.  (Davises' (D's) Ex. 1:
21 Fax letter of April 10, 2006.)

---

[1] Mr. Grasso was responsible for the vast majority of Philadelphia's communications related to scheduling the depositions

[2] Mr. Tully was responsible for the vast majority of Philadelphia's communications related to scheduling the depositions.

On April 10, 2006, Philadelphia responded that it had a previously scheduled trial set on May 2, 2006, and asked Davises to consider non-consecutive full days for setting the depositions. (D's Ex. 2: Fax letter of April 10, 2006.)

On April 12, 2006, Davises responded to notices of deposition Philadelphia issued for the week of April 17 to 21, 2006, stating that Davises counsel was not available for a full day of depositions until April 27, 2006. (D's, Ex. 3: Fax letter of April 12, 2006.)

On April 13, 2006, Philadelphia asked to conduct depositions on April 27 and 28, reaffirmed that it was unavailable on May 2 because of a previously scheduled trial, suggested that Davises request an extension if witnesses could not be made available for depositions within the time allowed by the Court, and said it would not object to an extension. (D's Ex. 6: Fax letter of April 13, 2006.)

On April 14, 2006, Davises suggested that it would review its proposed witnesses in an attempt to limit them so that all depositions could be done in one day. (D's Ex. 4: Fax letter of April 14, 2006; P's Ex. C: same.) Davises reiterated they were not available during the week of April 17 to 21, but were available April 27 and May 1, 2, and 3, and suggested the parties stipulate to a request for an extension if they needed to look at dates after May 3. (D's Ex. 5: Fax letter of April 14, 2006; P's Ex. B: same.)

On April 17, 2006, Philadelphia responded that while it did not fit its schedule, it had made arrangements to do the depositions on May 1 and 2. (P's Ex. D: Fax letter of April 17, 2006.)

On April 18, 2006, Davises responded that they could no longer do depositions on May 1, but April 27 was still available and that Davises witnesses were available for deposition on April 27, 2006, as follows: Patricia Riggs, Dr. Margaret Psyh, JoAnn Femute, Dr. James Chalphant, and Shirley Hilts. Davises said that Mrs. Andrea Curtis and Dr. Hugh Pace would also be available for deposition, but not on April 27, 2006. Additionally,

1  Davises offered to limit themselves to these witnesses and, therefore, there would be no need
2  to depose any other individuals.  (D's Ex. 7: Fax letter of April 18, 2006.)

3  On April 24, 2006, Davises confirmed the witnesses that were prepared for
4  depositions on April 27, 2006, at Mr. Tully's office.  (D's Ex. 8: Fax letter of April 24, 2006.)

5  On April 24, 2006, Philadelphia responded to Davises' April 24, 2006, letter that it
6  was no longer available on April 27, 2006, and intended to proceed with the depositions *as*
7  *noticed* on May 1 and 2, 2006.  Philadelphia informed Davises that if the depositions could
8  not be taken on May 1 and 2, Davises should ask for an extension of time to make the
9  witnesses available,  (D's Ex. 9: Fax letter of April 20, 2006.)

10  On April 24, 2006, Philadelphia faxed a letter written on April 20, 2006, that it
11  would proceed with depositions on May 1 and 2 because it was no longer available on April
12  27, and that if Davises could not secure the witnesses for May 1 and 2, they should seek
13  leave of the Court for an extension of time.  Philadelphia would not object to an extension
14  of time.  (P's Ex. E: Fax letter of April 20, 2006.)

15  On April 26, 2006, Davises responded that they had contacted their witnesses and
16  cancelled the depositions set for April 27, 2006, and had reschedule for May 2, 2006, at Mr.
17  Tully's office, the following witnesses: Ms. Riggs; Ms. Fermute, and Ms. Adams.  (D's Ex.
18  10: Fax letter of April 26, 2006.)

19  On April 28, 2006, Philadelphia faxed Davises a letter written on April 27, 2006,
20  saying that it had tried to reach them the day before by telephone without success to inform
21  Davises that the depositions currently scheduled must proceed as noticed on May 1 and 2,
22  2006.  (P's Ex. F: Fax letter of April 27, 2006.)

23  On April 28, 2006, Davises responded that the depositions set on May 1 could not
24  proceed, but Davises were prepared to proceed with the depositions scheduled for Tuesday
25  and were continuing to try to schedule additional witnesses for Tuesday.  Davises asked
26  Philadelphia for additional dates in May, in anticipation of filing a notice with the Court that
27
28                                        4

an extension would be necessary to complete the depositions. (D's Ex. 11: Fax letter of April 28, 2006.)

On May 1, 2006, Davises confirmed the witnesses it had been able to schedule for depositions on May 2, 2006, and added Dr. Pace. Davises confirmed the times that the four witnesses would come to Mr. Tully's office for the depositions, and asked Philadelphia to come prepared to stipulate on the record for an extension of time to complete the remainder of the depositions and to set a date for them. (D's Ex. 13: Fax letter of May 1, 2006.)

On May 2, 2006, Philadelphia contacted Mr. Tully's offices by telephone to inform Davises that the depositions were being held at another location. When Davises arrived with Ms. Riggs the first witness they had scheduled for deposition, Philadelphia's counsel refused to depose her because she had been noticed for deposition on May 1, 2006, and had failed to appear. Philadelphia took this same position for all the witnesses that Davises had scheduled for May 2, except for Dr. Pace. He was deposed.

On May 8, 2006, Davises informed Philadelphia that Ms. Hilts-Adams was moving to the east coast and that they would be taking her deposition to preserve it for trial on May 18, 2006. (D's Ex. 17: Fax letter of May 8, 2006.)

On May 15, 2006, Philadelphia responded that due to the trial which had started the first week of May, it was unavailable until the week of May 21 to 25, 2006. (P's Ex. G: Fax letter of May 15, 2006.)

On May 16, 2006, Davises reminded Philadelphia that Ms. Hilts-Adams had been available for deposition on April 27 and May 2, 2006, and that this was the last opportunity for a deposition before she left town. (D's Ex. 18: Fax letter of May 16, 2006.)

To complete the picture, the Court read the transcript of the May 2, 2006, proceedings. Upon Davises arrival at the deposition with the first witness, Ms. Riggs, Philadelphia refused to depose her because she had been noticed for deposition on May 1, 2006. With the exception of Dr. Pace, Philadelphia refused to depose the other witnesses the

1  Davises made available on May 2 because they too had been noticed for May 1, 2006. In
2  short, Philadelphia noticed the depositions for May 1 and 2, and obtained certificates of
3  nonappearance for the witnesses noticed on May 1, who actually appeared on May 2. It is
4  Philadelphia's position that, therefore, the lay witnesses may not appear at trial.

5  The Court rejects such gamesmanship, especially when the purpose of the short time
6  frame for taking the depositions was to ensure Davises would cooperate in making the
7  witnesses available to Philadelphia. As the record reflects that Davises made an effort to
8  comply with the spirit of the Court's order. Under the circumstances, the unavailability of
9  any of the witnesses for deposition shall not be held against Davises.

10  While Philadelphia may not deserve another chance to depose the Davises' lay
11  witnesses, the trial in this case has just been continued to February 21, 2007. Davises shall
12  be allowed to offer Ms. Hilts-Adams deposition testimony at trial.

13  **Accordingly,**

14  **IT IS ORDERED** that Davises' Motion for Leave to Call Witnesses at Trial
15  (document 207) is GRANTED.

16  **IT IS FURTHER ORDERED** that Davises may offer Ms. Hilts-Adams deposition
17  testimony at trial, subject to other objections.

18  **IT IS FURTHER ORDERED** that Davises shall provide Philadelphia with a list
19  of the lay witnesses they intend to call at trial within 10 days of the filing date of this Order.

20  **IT IS FURTHER ORDERED** that Philadelphia shall have until December 29,
21  2006, to conduct depositions of these witnesses. THERE SHALL BE NO FURTHER
22  EXTENSIONS GRANTED.

23  /////
24  /////
25  /////
26  /////

1 **IT IS FURTHER ORDERED** that discovery remains closed in this case.

2 DATED this 13th day of October, 2006.

_____
David C. Bury
United States District Judge